UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| MICHAEL MONCRIEF,<br><br>   Plaintiff,<br><br>  vs.<br><br>EMPLOYMENT SECURITY DIVISION,<br><br>   Defendant. | Case No.: 3:14-cv-00252-RCJ-WGC<br><br>**ORDER** |

  Plaintiff Michael Moncrief has sued Defendant (State of Nevada) Employment Security Division ("ESD") in this Court for unspecified civil rights violations related to ESD's administrative order that he repay certain statutory unemployment benefits. After Plaintiff's January 2011 termination by a private casino, he applied for unemployment benefits under Chapter 612 of the Nevada Revised Statutes. It was later determined by ESD, however, that Plaintiff had been terminated for misconduct such that his benefits had been overpaid, and he was ordered to repay some or all of the benefits in a final decision issued by ESD in August 2011. Plaintiff filed the present Complaint over two years later in May 2014, alleging unspecified civil rights violations against ESD, with the gravamen of the Complaint appearing to sound in due process, although a large portion of the Complaint is directed to the underlying issue of whether Plaintiff's was in fact guilty of misconduct. The portions of the Complaint

directed to ESD's actions allege that: (1) ESD improperly permitted the telephonic hearsay testimony of an unnamed witness ("a lead supervisor and manager") on behalf of Plaintiff's employer at the August 2011 hearing; (2) the witness perjured himself; and (3) ESD's adjudicator, Patricia, "lied" and ruled against him arbitrarily.[1] (*See* Compl. 2, May 15, 2014, ECF No. 1).  Plaintiff demands the return of $2100, additional benefits wrongfully denied, noneconomic damages for pain and suffering, and punitive damages.

ESD has moved to dismiss for failure to state a claim, insufficient service of process, lack of personal jurisdiction, Eleventh Amendment immunity, claim preclusion, judicial immunity, and lack of subject matter jurisdiction.  Responses were due on June 23, 2014.  Plaintiff did not timely file any brief identified as a "response" or an "opposition," but he filed a "notice" on June 17, 2014, which the Court will treat as an opposition.

The Court grants the motion to dismiss.  The Court has no appellate jurisdiction over ESD.  The Complaint must therefore rest upon the Court's original jurisdiction.  Plaintiff alleges no statutory basis for the Court's jurisdiction.  There can be no jurisdiction under 28 U.S.C. § 1332, because ESD is a citizen of no state.  There could be jurisdiction under 42 U.S.C. § 1983 if Plaintiff meant to bring such a claim, and that is how the Court interprets the Complaint, i.e., as a claim for the violation of procedural due process pursuant to § 1983.  However, there is a two-year statute of limitations for § 1983 claims in Nevada. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat. § 11.190(4)(e)).  Although the statute is an affirmative defense, the applicability of the defense here appears on the face of the Complaint and the attachments thereto, making dismissal appropriate without further fact-finding. *See, e.g.*, *Hyatt Chalet Motels, Inc. v. Carpenters Local 1065*, 430 F.2d 1119, 1120 (9th Cir. 1970).  Even an

---

[1] The allegations are somewhat difficult to extract, as the Complaint is written in train-of-thought fashion and with little punctuation.

otherwise proper §1983 claim would be barred by the Eleventh Amendment here.  Although Congress has the power under § 5 of the Fourteenth Amendment to restore federal jurisdiction in some cases over suits against the States where the Eleventh Amendment otherwise prevents it, Congress did so via § 1983 only with respect to defendants who are "person[s]," and an administrative arm of a state, such as ESD, is not a "person" under § 1983. *See, e.g.*, *Maldanado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

## CONCLUSION

IT IS HEREBY ORDERED that Motion to Dismiss (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge